UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
AGF BELGIUM INSURANCE, N.V., for
itself and other insurers as
subrogees of OPTION WIRELESS, LTD.,

                            Plaintiffs,                          **ANSWER**

-against-

KATT WORLDWIDE LOGISTICS, INC. and
AMERICAN AIRLINES, INC.,

                            Defendants.
------------------------------------------------------------------ X

      Defendant, American Airlines, Inc., ("American Airlines") by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Plaintiffs' Complaint herein, alleges:

      FIRST:    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "1," "2," "3," "4," "5," "6," "7," "9," "11," "12," "14," "15," "16," and "17."

      SECOND:    Denies each and every allegation contained in that paragraph of the Complaint designated "8," except admits that it is incorporated in the State of Delaware, with its principal place of business in Texas and that it maintained a place of business in New York.

      THIRD:    Denies each and every allegation contained in that paragraph of the Complaint designated "10," except that it admits that it is a duly certified direct air carrier engaged in the transportation of persons and property in interstate and international commerce pursuant to authority granted by the Department of Transportation of the United States.

      FOURTH:    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Complaint designated as "13," except that it admits that it received a shipment consisting of one piece, described as a "consolidation," the contents

and condition of which were unknown to this defendant, for carriage to Dallas, Texas pursuant to air waybill 001-7728-3102, dated April 25, 2007.

FIFTH:   Denies each and every allegation contained is these paragraphs of the Complaint designated as "18" and "19," insofar as they refer to American Airlines.

## AS AND FOR A FIRST COMPLETE
## AFIRMATIVE DEFENSE

SIXTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs, and/or the Montreal Convention, the plaintiffs herein have failed to state a cause of action against this defendant upon which relief may be granted.

## AS AND FOR SECOND COMPLETE
## AFFIRMATIVE DEFENSE

SEVENTH:   That under the applicable provisions of this defendant's contract of carriage; tariffs, and/or the Montreal Convention, this defendant has no liability to the plaintiffs or to any other person under the contracts of carriage for any loss, damage or delay unless a written complaint concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

EIGHTH:   Upon information and belief, the proper written complaint concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

## AS AND FOR A THIRD COMPLETE
## AFFIRMATIVE DEFENSE

NINTH:   Any damages allegedly suffered by the plaintiffs herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

## AS AND FOR A FOURTH COMPLETE
## AFFIRMATIVE DEFENSE

TENTH: The contract of carriage embarked upon by the plaintiffs herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs, and/or the Montreal Convention.

ELEVENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs, and/or the Montreal Convention, this defendant has no liability to the plaintiffs or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

TWELFTH: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

## AS AND FOR A FIFTH COMPLETE
## AFFIRMATIVE DEFENSE

THIRTEENTH: That under the applicable provisions of this defendant's contract of carriage; tariffs, and/or the Montreal Convention, this defendant has no liability to the plaintiffs or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiffs, its agents, servants and/or employees.

FOURTEENTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiffs, its agents, servants and/or employees.

## AS AND FOR A SIXTH COMPLETE
## AFFIRMATIVE DEFENSE

FIFTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs, and/or the Montreal Convention, this defendant has no liability to the plaintiffs

3

or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SEVENTH COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:  That under the applicable provisions of this defendant's contract of carriage, tariffs, and/or the Montreal Convention, this defendant has no liability to the plaintiffs or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

SEVENTEENTH:  Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiffs herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

### AS AND FOR AN EIGHTH COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:  That under the applicable provisions of this defendant's contract of carriage; tariffs, and/or the Montreal Convention, the plaintiffs herein have no standing to maintain this action against this defendant.

### AS AND FOR A NINTH PARTIAL AFFIRMATIVE DEFENSE

NINETEENTH:  That under the applicable provisions of this defendant's contract of carriage, tariffs, and/or the Montreal Convention, the liability, if any, of this defendant for any loss, damage or delay is limited.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST THE CO-DEFENDANT

TWENTIETH:    That if the defendant, American Airlines is held liable to the plaintiffs herein for any loss, damage or delay, such liability on the part of American Airlines, shall have been caused by or brought about by the acts and/or omissions of Katt Worldwide Logistics, Inc. and, in that event, American Airlines shall be entitled to be indemnified and held harmless by Katt Worldwide Logistics, Inc. for all amounts including attorneys' fees.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST THE CO-DEFENDANT

TWENTY-FIRST:    That if the defendant American Airlines is held liable to the plaintiffs herein then, in that event, American Airlines is entitled to contribution from Katt Worldwide Logistics, Inc. in an amount corresponding to the proportion of fault on the part of Katt Worldwide Logistics, Inc. towards the payment of any judgment which may be entered in favor of the plaintiff herein.

**WHEREFORE**, Defendant, American Airlines, Inc., demands judgment against the plaintiffs dismissing this action; or in the alternative, for judgment over against the co-defendant Katt Worlwide Logistics, Inc.; or, in the alternative, for a judgment with contribution as between the defendants, together with costs and disbursements.

Dated:  New York, New York
        May 13, 2008

                                MOUND COTTON WOLLAN
                                & GREENGRASS

                                By _____
                                   Francis A. Montbach (FAM 9631)
                                   Jodi S. Tesser (JST 6398)
                                   One Battery Plaza
                                   New York, New York 10004
                                   (212) 804-4200

5

TO:   Kenneth R. Feit, Esq.
      Tell, Cheser, & Breitbart
      Attorneys for Plaintiffs
      320 Old County Road
      Garden City, New York 11530

      Scott Blount, Esq.
      Butler, Snow, O'Mara, Stevens & Cannada, PLLC
      Attorneys for Katt Worldwide Logistics, Inc.
      6075 Poplar Ave.
      Suite 500
      Memphis, TN 38111

UNITED STATES DISTRICT COURT)

SOUTHERN DISTRICT OF NEW YORK)

### AFFIDAVIT OF SERVICE

Lynn Cappiello, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in Nassau County, New York.

That on May 13, 2008, deponent served the within **ANSWER** upon:

Kenneth R. Feit, Esq.
Tell, Cheser, & Breitbart
Attorneys for Plaintiffs
320 Old County Road
Garden City, New York 11530

Scott Blount, Esq.
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Attorneys for Katt Worldwide Logistics, Inc.
6075 Poplar Ave., Suite 500
Memphis, TN 38111

the addresses designated by said entities for that purpose by depositing the same enclosed in a first-class postpaid properly addressed wrapper to said entities at the above addresses in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
**Lynn Cappiello**

Sworn to before me this 13th
day of May, 2008

_____
**NOTARY PUBLIC**

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Index No.

---

AGF BELGIUM INSURANCE, N.V., for
itself and other insurers as
subrogees of OPTION WIRELESS, LTD.,

                Plaintiff,

- against -

KATT WORLDWIDE LOGISTICS, INC. and
AMERICAN AIRLINES, INC.

                Defendant.

---

## ANSWER

---

MOUND COTTON WOLLAN & GREENGRASS
*Attorneys for*

*Office and Post Office Address, Telephone*
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004
(212) 804-4200

---

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:_____ 20____