UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AGF BELGIUM INSURANCE, N.Y., for itself and other insurers as subrogees of OPTION WIRELESS, LTD.,

                Plaintiff,

against

KATT WORLDWIDE LOGISTICS, INC. and AMERICAN AIRLINES, INC.,

                Defendants.

Case No. 08-CV-4270 (AKH)

ANSWER OF DEFENDANT
KATT WORLDWIDE
LOGISTICS, INC.

---

    Defendant, Katt Worldwide Logistics, Inc. (hereinafter "Katt" or "Defendant"), by and through its undersigned attorneys, as and or its Answer, states as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint

    3.    Admits the allegations contained in paragraph 3 of the Complaint

    4.    Admits the allegations contained in paragraph 4 of the Complaint.

    5.    Denies the allegations contained in paragraph 5 of the Complaint.

    6.    Denies the allegations contained in paragraph 6 of the Complaint.

    7.    Admits the allegations contained in paragraph 7 of the Complaint.

    8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

    9.    Admits the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that Katt issued its air waybill number HAWB 10409 and respectfully refers the Court to the term and conditions thereof.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits that Katt issued its air waybill number HAWB 10409 and respectfully refers the Court to the term and conditions thereof.

13. Denies the allegations contained in paragraph 13 of the Complaint, except admits that Katt issued its air waybill number HAWB 10409 and respectfully refers the Court to the term and conditions thereof.

14. Admits the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint, except admits that demands have been made.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

83051514A01051408

- 3 -

### FIRST DEFENSE

20. The Complaint fails to state an action upon which relief may be granted.

### SECOND DEFENSE

21. The proximate cause of Plaintiff's alleged damages was not the result of any negligent or willful act or omission on the part of Defendant.

### THIRD DEFENSE

22. The direct, proximate cause of the damages alleged to have been incurred by Plaintiff were the result of causes other than the acts or omissions of Defendant and were the result of independent, intervening acts of other parties or third-parties over which Defendant had no control.

### FOURTH DEFENSE

23. Defendant asserts all other contractual defenses available pursuant to the agreements between itself and Options Wireless Ltd, including waybills HAWB 10409 and 001-DUB-77283 102.

### FIFTH DEFENSE

24. In order to prevent a waiver of a defense, Defendant relies upon all equitable doctrines, including the doctrine of unclean hands, estoppel, offset, waiver, and unjust enrichment.

### SIXTH DEFENSE

25. Defendant states that any alleged damage or loss of Plaintiff's property is the result of uncrated, unprotectable, or improperly packaged merchandise for which Katt has no responsibility.

### SEVENTH DEFENSE

26.     Defendant states that Plaintiff chose not to purchase a cargo legal liability insurance policy and therefore Defendant is not responsible for any alleged loss of Plaintiff, or alternatively, Defendant's liability is limited as set forth in the terms and conditions of the governing waybill.

### EIGHTH DEFENSE

27.     Defendant states that to the extent Plaintiff seeks consequential or special damages, they are excluded by the terms and conditions of the governing waybill.

### NINTH DEFENSE

28.     Defendant states that it is not liable to Plaintiff because Plaintiff failed to timely provide proof of the value of the goods it alleges were lost.

### TENTH DEFENSE

29.     Defendant states that it is not liable to Plaintiff because Plaintiff failed to submit a claim to Katt within 90 days of the alleged loss.

### ELEVETH DEFENSE

30.     Defendant states that it is relying on all terms and defenses set forth in the Warsaw and Montreal Conventions, to the extent it has been amended and adopted.

### TWELFTH DEFENSE

31.     Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this case, and hereby reserves the right to amend this Answer to assert any defense. Defendant also reserves the right to amend this Answer to conform to additional proof and discovery.

83051514A01051408

### AS AND FOR A FIRST CROSS-CLAIM
### AGAINST THE CO-DEFENDANT

32. That if the Defendant is held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of Defendant shall have been caused by or brought about by the act and/or omissions of American Airlines and, in that event, Defendant shall be entitled to be indemnified and held harmless by American Airlines for all amounts including attorneys' fees.

### AS AND FOR A SECOND CROSS-CLAIM
### AGAINST THE CO-DEFENDANT

33. That if the Defendant is held liable to the plaintiff herein then, in that event, Defendant is entitled to contribution from American Airlines in an amount corresponding to the proportion of fault on the part of American Airlines towards the payment of any judgment which may be entered in favor of the plaintiff herein.

WHEREFORE, it is respectfully requested that this Court enter judgment dismissing the Complaint, together with an award of costs, and such other and further relief as the Court seems proper.

Dated: New York, New York
       May 15, 2008

DAY PITNEY, LLP

By: _____
DAVID B. NEWMAN (DN9577)
7 Times Square
New York, New York 10036
(212) 297-5832 Telephone
(212) 916-2940 Facsimile

**BUTLER SNOW**
Scott Blount, Esq.
6075 Poplar Avenue
Memphis, TN 38119

Attorneys for Katt Worldwide Logistics, Inc.

- 5 -

83051514A01051408